**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DAVID PATRICK GRIBSCHAW,           )
                                   )
                    Petitioner,    )        Civil Action No. 10-1106
                                   )
        v.                         )        Judge Cathy Bissoon
                                   )
MICHAEL WENEROWICZ, *et al.,*      )
                                   )
                    Respondents.   )

## ORDER

David Patrick Gribschaw ("Petitioner") executed the instant petition for writ of habeas corpus on August 18, 2010.  (Doc. 1-1 at 45).  Pursuant to 28 U.S.C. § 2254, Petitioner challenges his 2000 conviction in the Court of Common Pleas of Allegheny County, Pennsylvania, of the charge of first degree murder, 18 Pa. Cons. Stat. Ann. § 2501-02, for which he currently is serving a sentence of life imprisonment.

Before this Court are several motions filed by Petitioner.  The first to be addressed in this order is Petitioner's motion for the assignment of a federal public defender.  (Doc. 23).   There is no constitutional right to counsel in proceedings brought pursuant to 28 U.S.C. § 2254.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1990).  The appointment of counsel is not mandatory unless an evidentiary hearing has been granted.  Rules 8(c), Rules Governing Section 2254 Cases.  The standard for the appointment of counsel in a section 2254 case is whether "the interests of justice . . . require" that representation be provided.  18 U.S.C. § 3006A(a)(2).  Some courts within the Third Circuit have applied the analysis for the appointment of counsel in articulated by court of appeals in Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993), which explicitly relates to motions for counsel filed pursuant to

1

28 U.S.C. § 1915.  See, e.g., Helfrich v. Coleman, No. 4:10-CV-0751, 2010 WL 3629532, at *2 (M.D. Pa. Sept. 9, 2010).  Out of an abundance of caution, this Court will apply that standard here.

The court of appeals in Tabron acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant.  6 F.3d at 157 n.7.  That court also recognized that when "[a]n indigent Plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel."  Id. at 156.  The court of appeals likewise addressed the practical constraints confronted by district courts regarding the appointment of counsel, which include the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.  Id. at 157.

The court of appeals also announced a series of factors that a trial court should consider and apply in ruling upon a motion for the appointment of counsel.  Id. at 155-56.  These factors include: (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

A review of the petition in light of the factors announced in Tabron reveals the following.

(1)     Petitioner's legal issues are not complex.

(2)     The necessary factual investigation can be adequately pursued by
        Petitioner through the discovery process.  Indeed, this Court
        already is in possession of the certified record of Petitioner's
        underlying criminal case.

2

(3)     Petitioner appears to suffer from no impediment to pursuing his legal claims.

(4)     Petitioner's claims do not appear to require extensive or complicated discovery.

(5)     It is possible that credibility determinations could play a role in Petitioner's case.

(6)     It is possible that this case could require the testimony of expert witnesses.

Four of the above-mentioned factors weigh against the appointment of counsel, and two do not.  The two weighing in favor of appointment of counsel do so only slightly.  Additionally, Petitioner has made no showing, or even asserted, that he has made any attempt to retain counsel himself.  Having reviewed Petitioner's petition and supporting brief, as well as Respondents' answer, the undersigned concludes that the appointment of counsel would not be appropriate at this time in light of the above standard.  Accordingly, this motion will be denied.

Next, this Court addresses Petitioner's motion for evidentiary hearing or, alternatively, a teleconference.  (Doc. 24).  In this motion, Petitioner argues that Respondents have in some manner hidden or removed the original sentencing order from the certified record of his case.  Id.  This argument is somewhat puzzling, as the original copy of Petitioner's sentencing December 11, 2001, sentencing order is located in the hard copy of Petitioner's state court records that was delivered to this Court by the Court of Common Pleas on October 15, 2010.  See Docket Entry of Oct. 15, 2010.

Petitioner's original sentencing order, which was issued on December 11, 2001, indicates that his sentence of life imprisonment was imposed pursuant to 42 Pa . Cons. Stat. Ann. § 9715.  See (Doc. 22-3 at 1).   This statue applies only to individuals who had been convicted of third degree murder in Pennsylvania.  42 Pa. Cons. Stat. Ann. § 9715(a).  Petitioner's sentence of life

imprisonment – which is the minimum sentence that may be imposed for someone who, like Petitioner, has been convicted of first degree murder in Pennsylvania – is properly imposed under 42 Pa. Cons. Stat. Ann. § 9711.  The error in the 2001 sentencing order was corrected by the trial court in July of 2011 – well after the filing of the instant habeas petition and Respondents' submission of the record to this Court.  (Doc. 22-4 at 1); (Docs. 13 – 15).  The modification of the sentencing order appears to have been the result of a motion filed by Petitioner in state court on September 8, 2010.  (Doc. 22-1); (Doc. 22-5 at 1).

Even if, as he contends, Petitioner had been denied a copy of this order, there is no indication from the record that Petitioner has suffered any prejudice as a result.  There is no dispute on the record that Petitioner was, in fact, convicted of Pennsylvania first degree murder,[1] and the sentence that he received for that crime was the most lenient allowed under Pennsylvania law.[2]  See 42 Pa. Cons. Stat. Ann. § 9711.  As a result, there is no reason to hold a hearing on this issue at the present time, and this motion will be denied.  Additionally, to the extent that this motion could be construed as one to submit an amended habeas petition including a claim based on the error in Petitioner's original sentencing order, it must also be denied as futile for the following reasons.

Generally, a state court's sentencing decision and claims arising out of that decision are not cognizable in a federal habeas proceeding, unless the sentence constitutes cruel and unusual punishment under the Eighth Amendment, or is arbitrary or otherwise in violation of due process.  See, e.g., Laboy v. Carroll, 437 F. Supp. 2d 260, 263 (D. Del. 2006).  Regardless of

---

[1] Indeed, the propriety of his conviction of this degree of homicide, instead of a lesser degree, is the underlying basis for all of Petitioner's claims.

[2] In his brief, Petitioner concedes that the sentence that was imposed by the trial court was mandatory for his conviction.  (Doc. 4 at 17, 25-26).

whether the mistake in the 2001 sentencing order was a mere scrivener's error, or a mistake of

law on the part of the trial court, it is undisputed – and, indeed, indisputable – that Petitioner's

life sentence is mandatory under Pennsylvania law for his conviction of first degree murder.  See

18 Pa. Cons. Stat. Ann. §§ 1102 and 9711; (Doc. 22 at 5) (in which Respondents concede that

Petitioner was not eligible for the death penalty – the only other sentence available for his

conviction); (Doc. 4 at17, 25-26) (in which Petitioner concedes that the sentence of life

imprisonment imposed by the trial judge was mandatory for his conviction of first degree

murder).  As Petitioner's sentence does not exceed that which was authorized by statute for his

conviction, the mistake in the 2001 sentencing order fails to implicate an issue of constitutional

significance.  Laboy, 437 F. Supp. 2d at 263 (citing Bozza v. United States, 330 U.S. 160, 166

(1947)).  Any remaining aspects of this putative claim clearly would be based on issues of state

law, which are not cognizable under section 2254.[3]  See 28 U.S.C. § 2254(a).

Next, the undersigned addresses Petitioner's motion to compel Respondent [sic] to

correct the certified record.  (Doc. 18).  A duplicate copy of this motion was filed on the docket

at (Doc. 20).  Through this motion Petitioner seeks this Court to compel Respondents to add a

copy of his 2001 sentencing order to the record in this case.  (Doc. 18 ¶ 6(a)).  For the reasons

stated above, this will be denied as moot.  Petitioner also asks this Court for leave to present

arguments that his counsel in his state court proceedings were ineffective with respect to the

mistake in his sentencing order.  (Doc. 18 ¶ 6(b)); (Doc. 25 at 2-4).  For the reasons stated above,

---

[3] Moreover, even if this putative claim did somehow implicate the Constitution or laws of the
United States, the most that this Court could do, given that Petitioner is serving the mandatory
sentence for the crime for which he was convicted, is order the trial court to correct the mistake
in Petitioner's original sentencing order.  See Bozza v. United States, 330 U.S. 160, 166 (1947).
As it is undisputed that the trial court did this on July 26, 2011, see (Doc. 22-4 at 1), leave for
Petitioner to amend his petition clearly would be futile.

counsels' alleged failure to address the error in the initial sentencing order has resulted in absolutely no prejudice to Petitioner.  As such, any ineffective assistance of counsel claims that Petitioner would raise with this as a basis would fail as a matter of law.  Strickland v. Washington, 466 U.S. 668, 689, 694 (1984) (requiring a petitioner to suffer prejudice in order to show violation of his Sixth Amendment right to counsel).  This aspect of Petitioner's motion will be denied as futile.

Finally, this Court addresses Petitioner's emergency responsive pleading.  (Doc. 19).  A duplicate of this filing was docketed at (Doc. 21).  While captioned as a pleading, this filing is properly construed as a motion to file a response brief to Respondents' answer.  Accordingly, this will be granted.

AND NOW, this 18th day of January, 2012,

IT IS HEREBY ORDERED that Petitioner's motion for the assignment of a federal public defender (Doc. 23) is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for evidentiary hearing or, alternatively, a teleconference (Doc. 24) is DENIED.  To the extent that a certificate of appealability is necessary in connection with this order, it is DENIED, as Petitioner has not made a substantial showing of the deprivation of a constitutional right with respect to the error in his original sentencing order.  See 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that Petitioner's motions to compel (Docs. 18 and 20) are DENIED.  To the extent that a certificate of appealability is necessary in connection with this order, it is DENIED, as Petitioner has not made a substantial showing of the deprivation of a

constitutional right with respect to the error in his original sentencing order, or with respect to prior counsel's alleged failure to address that error.  See 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that Petitioner's emergency responsive pleadings (Docs. 19 and 21) will be construed as motions for leave to file a response to Respondents' answer, and GRANTED.  Petitioner shall file his response brief, raising all additional arguments that he wishes to raise in support of his petition, on or before February 21, 2012.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc:
**DAVID PATRICK GRIBSCHAW**
EV-9574
S.C.I. at Graterford
P.O. Box 244
Graterford, PA 19426-0244