# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID PATRICK GRIBSCHAW, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 10-1106 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MICHAEL WENEROWICZ, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

David Patrick Gribschaw ("Petitioner") executed the instant petition for writ of habeas corpus on August 18, 2010. (Doc. 1-1 at 45). Pursuant to 28 U.S.C. § 2254, Petitioner challenges his 2000 conviction in the Court of Common Pleas of Allegheny County, Pennsylvania, of the charge of first degree murder, 18 Pa. Cons. Stat. Ann. § 2501-02, for which he currently is serving a sentence of life imprisonment.

Before this Court is Petitioner's motion to compel transcripts of his April, 2002, sentence modification hearing, and his 2007 and 2008 PCRA hearings.[1] (Doc. 29). The undersigned notes that hard copies of these transcripts were provided to this Court by Respondent as part of Plaintiff's state court records. See Docket Entry of Oct. 15, 2010.

Presuming Petitioner's indigence at the time of the relevant proceedings, the Commonwealth has a constitutional obligation to provide him copies of said proceedings free of charge. However, that duty is met once the Commonwealth provides copies to Petitioner's

---

[1] Plaintiff describes one of the hearings in his PCRA proceedings as having taken place in November of 2007. (Doc. 29 at 1). The state court docket sheet indicates instead that this hearing took place on October 31, 2007. See (Doc. 13-1 at 15-16). The copy of the transcript that is in the Courts possession also is dated October 31, 2007.

1

counsel. See, e.g., Hooks v. Roberts, 480 F.2d 1196, 1198 (5th Cir. 1973) ("If a defendant is represented by counsel on appeal who has a copy of the trial transcript, there is no constitutional requirement that the defendant also be provided with physical custody of a copy of the transcript."), cert. denied, 414 U.S 1163 (1974); Tucker v. Campbell, No. 85-4345, 1985 WL 2616, at *1 (E.D. Pa. Sept. 5, 1985) ("Indigent defendants appealing their convictions are entitled to a trial transcript or its equivalent. This does not mean that defendants are entitled to personal copies of the transcripts, if represented by counsel. The constitutional right is satisfied by the attorney's access to accurate transcripts.") (citations omitted). As it appears from Petitioner's motion that the Commonwealth already has done this, he is not entitled to be provided with a second set of these records free of charge.

Petitioner has indicated that his former counsel has refused to provide him with the copies of the transcripts in his possession. (Doc. 29 at 1). If this indeed is the case, his remedy is to seek redress against the attorney who is wrongfully withholding those transcripts. See Pa. R.P.C. Rule 1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.")' Maleski by Chronister v. Corporate Life Ins. Co., 641 A.2d 1, (Pa. Commw. Ct. 1994) ("We therefore believe that once a client pays for the creation of a legal document, and it is placed in the client's file, it is the client, rather than the attorney who holds a proprietary interest in that document. When a client requests that its property held by an attorney be turned over, under Rule 1.15(b) the attorney must comply.").

2

Petitioner is, of course, free to request that the Clerk's office make copies of the transcripts for him – however, he must pay a fee for this service. The Clerk's office currently charges 50 cents per page to make copies of documents that are not available on the electronic docket. The transcripts requested by Plaintiff total 88 pages.

AND NOW, this 1st day of March, 2012,

IT IS HEREBY ORDERED that Petitioner's motion to compel (Doc. 29) is DENIED.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc:
**DAVID PATRICK GRIBSCHAW**
EV-9574
S.C.I. at Graterford
P.O. Box 244
Graterford, PA 19426-0244